*I. T. Vann,* for the appellant.  *D. Pratt,* for the respondent.

Opinion by Smith, J. ; Mullin, P. J., and Talcott, J., concurred.

Judgment and order reversed and new trial ordered, costs to abide event.

WILLIAM SMITH, Respondent, *v.* WILLIAM TIFFANY, Impleaded, etc., Appellant.

*Receiver of rents, etc., of mortgaged premises — what persons in possession may object to his appointment.*

Appeal from an order of the Special Term of Lewis county appointing a receiver in a foreclosure suit.

The defendant Tiffany alone resisted the motion, which was made after a judgment had been rendered in a foreclosure suit, from which judgment the defendant Tiffany had appealed without giving any security to stay the proceedings.

After overruling certain objections raised by Tiffany, the court at General Term proceeded : " Tiffany also objects to the appoint‧ ment of a receiver, on the ground that he is not in the possession of the mortgaged premises, and that those in possession were not notified of the application for a receiver, and were not parties to the suit.

In his affidavit containing this allegation he wholly omits to mention the names of any such persons, or to set forth the title under which they claim, or to describe the portion of the mortgaged premises of which they are in possession, and the whole allegation is upon information and belief.   The premises consist of one lot in the outskirts of the city of Oswego, fifty feet front, and 130 feet deep.   Tiffany's affidavit was made in Oswego, and admits that some part of the mortgaged premises is in the possession of the other parties, defendants, who have made default,. and therefore require no notice.   Under the circumstances, the omission to mention the names of the other parties in possession, or to disclose the title or rights they claim, the objection cannot be considered as setting up any valid reason for not granting the motion.

The premises are admitted to be an inadequate security for the money due on the mortgage, and Tiffany insolvent. The mortgage debt is all due. In such cases it is an equitable right of the mortgagee to have a receiver of the rents and profits of the mortgaged premises, even after a decree. (*Astor* v. *Turner*, 11 Paige, 436.)

In that case a receiver was appointed after decree and sale, but where the purchaser could not, by the practice of the court, obtain possession till after the lapse of time to have the sale confirmed. (See, also, *Syracuse Bank* v. *Tallman et al.*, 31 Barb., 201.)

If any persons, not parties to the suit, are in possession, who have not come in since the filing of notice of *lis pendens*, they are, if they have any rights at all, presumptively the tenants of defendant Tiffany, the owner of the equity of redemption, and may be required to attorn and pay rent to the receiver; or may be heard at the Special Term for the purpose of obtaining a modification of the order appointing a receiver, upon disclosing any right or title which would show that the receiver ought not to be permitted to deprive them of their possession. (*Sea Ins. Co.* v. *Stebbins and others*, 8 Paige, 565.)"

*Wm. Tiffany*, appellant, in person. *W. C. Prescott*, for the respondent.

Opinion by TALCOTT, P. J.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Order appealed from affirmed, with ten dollars costs and disbursements.